IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALMONTIE M. SHIELDS, et al.,

    Defendants.                      Case No. 06-cr-30166-DRH

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This Order is to address the need to continue several of the Defendants' trial dates, which the Court raises *sua sponte*. The initial Indictment (Doc. 1), dated on December 15, 2006, charged eight separate Defendants in this matter: Almontie M. Shields (1), Remayne R. Shields (2), Terrez D. Shields (3), Victor M. Zamora, Jr. (4), Gilbert Rainey (5), Bernell L. Love (6), Melvin T. Williams (7), and Rodney W. McCarron (8). Thus, upon arraignment of several Defendants charged in the initial Indictment (Zamora, Love, McCarron, Terrez Shields and Almontie Shields), a jury trial date of March 19, 2007 was set (*see* Docs. 7, 16, 26 &41).

Thereafter, a Superseding Indictment (Doc. 50), dated February 23, 2007, was filed, charging the original eight Defendants, as well as three additional Defendants: Guillermo Castro (9), Audel Medina (10), and Guillermo Orduno (11).

Defendant Williams (7) was then arraigned as to the superseding counts (Doc. 80), with a jury trial date set for April 16, 2007. Defendant Zamora (4) also received a new jury trial date of April 16, 2007, when he was again arraigned on the superseding counts (Doc. 98). When defendant Love (6) was arraigned as to the superseding counts, his new jury trial date was set for May 14, 2007 (Doc. 104). The following defendants waived their arraignment on the Superseding Indictment and entered pleas of "not guilty": Almontie Shields (1), Tremayne Shields (2), Terrez Shields (3), and Rodney McCarron (8) (Docs. 74, 75, 94 & 96, respectively).

To date, there are four remaining Defendants who have yet to be arraigned on the Superseding Indictment and receive jury trial dates: Rainey (5), Castro (9), Medina (10), and Orduno (11). The Government anticipates they will be arraigned in the very near future and thus, also given jury trial dates of May 14, 2007. None of the cases of these eleven co-defendants have been severed, therefore, the Court will endeavor to provide each with the same jury trial date, so that the co-defendants may be tried together, in the interests of judicial economy. This requires the Court to continue the jury trial dates of both March 19, 2007 and April 16, 2007, received by certain co-defendants, to the latest jury trial date of May 14, 2007. As there is no motion for a continuance pending on behalf of any of the co-defendants, the Court raises this issue *sua sponte*. Lastly, this Order will also serve to preserve excludable time for purposes of the Speedy Trial Act.

## II. DISCUSSION

A. When the Speedy Trial Clock Begins to Run

When considering a single defendant, **18 U.S.C. § 3161(c)(1)** requires the running of the speedy trial clock to commence at either (1) the indictment; or (2) the defendant's appearance before the judge of the court in which the charge is pending, whichever is the latter. **See United States v. Owokoniran, 840 F.2d 373, 374 (7th Cir. 1987) ("Furthermore, the statutory language [of § 3161(c)(1)] clearly contemplates that the indictment can be the 'last occur[ring]' step, triggering the running of the 70-day period. Thus, where, as here, the defendant has been arrested and appeared before a magistrate prior to his indictment, the time commences running with the indictment.")(internal citations omitted)**. However, although the Speedy Trial Act provides that a defendant's trial must "commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs," there are a number of exclusions which may toll the running of the clock and do not, therefore, count against the seventy days. **18 U.S.C. §§ 3161(c)(1) & (h)**. Most notably for this case, the seventy days will not begin to run until *all* defendants have been arraigned (or rather, the speedy trial clock will "reset" itself). **Henderson v. United States, 476 U.S. 321, 323 n. 2 (1986);** *see also Owokoniran*, **840 F.2d at 375**.

Given this standard, and because the Superseding Indictment added

three new co-defendants, the speedy trial clock for the initial eight co-defendants will not begin to run (or will "reset" itself) until the day of the last arraignment for these three new co-defendants joined in this case via the Superseding Indictment. ***See Henderson*, 476 U.S. at 323 n.2 ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. *See* 18 U.S.C. § 3161(h)(7). Once Bell [the latest added defendant] was joined with petitioners in the . . .superseding indictment, their 70-day period was measured with respect to his.")**. The Court feels the guidance provided by the Seventh Circuit is enough upon which to base this determination.[1]

---

[1] The reasoning behind calculating the speedy trial clock start at the date of the last arraignment of the new co-defendants was well-stated by the Seventh Circuit:

> Section 3161(h)(7) specifically excludes from the time requirements of the Act "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." That provision precisely governs this case and renders proper the exclusion regarding Slaughter. The defendant does not contest the reasonableness of the excluded period. Instead, he simply argues that because the government could have indicted Slaughter at the same time it indicted him, but chose not to for strategic reasons, the statutory provision should not apply. But the statute is not qualified in such terms, and we are without power to rewrite it. While it is unfortunate that, through no fault of his own, the defendant was held for trial for more than 70 days, this is not enough to convince us to depart from the plain language of the statute. In *United States v. Dennis*, 737 F.2d 617 (7th Cir.), *cert. denied*, 469 U.S. 868, 105 S. Ct. 215, 83 L. Ed.2d 145 (1984), for example, we approved a similar exclusion where the defendants were both indicted at the same time, but one was not available for arraignment until other proceedings in another district concluded. We see no reason to decide this case differently.
>
> While we are aware that the superseding indictment could be used as a device solely to extend the Speedy Trial Act times, the record in this case contains no hint of such abuse. Indeed, both at the trial court and in this court, defendant has never asserted that the government acted in anything but the utmost good faith. Were such abuse to occur, we are confident of the ability of the district courts (and the courts of appeal should that be necessary) to deal with it within the framework of the Act.

*Owokoniran*, 840 F.2d at 375.

**B.     Grounds for a Continuance**

A statutory period of exclusion of speedy trial time is also allowed under **§ 3161(h)(8)(A)** for "[a]ny period of delay resulting from a continuance granted by any judge *on his own motion* . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial."  **18 U.S.C. § 3161(h)(8)(A) (emphasis added)**.  The statute also requires the Court to set forth in the record its reasons for its findings.  A non-exclusive list of various factors the Court may consider to determine whether a continuance is warranted can be found in **§ 3161(h)(8)(B)**.

Regarding the instant matter, the Court notes first and foremost that it has not severed the case for any of the eleven co-defendants[2] – therefore, judicial economy weighs in favor of a single trial for all co-defendants.  Secondly, four co-defendants have not yet been arraigned or given trial dates – thus, they have not yet been officially informed of the pending charges against them, nor have they acquired representative counsel.  Failure to grant a continuation of the March and April trial dates given to several of the co-defendants in this case, "would unreasonably deny counsel for the defendant[s] [not yet arraigned] . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  **18 U.S.C. § 3161(h)(8)(B)(iv)**.

---

[2] In fact, to date, there have been no severance motions filed by any of the co-defendants.

Further, defendant Love (6), although previously arraigned, was recently appointed new counsel on February 27, 2007 (Doc. 77).  Therefore, his new counsel will likely require additional time to adequately prepare defendant Love's defense/trial strategy.  Lastly, the fact that there are eleven co-defendants increases the complexity of this case, which, in turn, makes it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [under the Speedy Trial Act]."  **18 U.S.C. § 3161(h)(8)(B)(ii)**.  This last finding likely holds true for all co-defendants – given the fact that four co-defendants have not yet been arraigned, it is possible counsel for the remaining co-defendants may rely upon or revise trial strategies or other pretrial matters, depending upon the actions taken by (or information provided by) these four co-defendants.

### III.  CONCLUSION

Thus, for the reasons as discussed within this Order (including the finding that technically, the Speedy Trial Clock has not yet began to run, or will essentially "reset" itself upon the date of the last arraignment for the remaining co-defendants), the Court finds that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendants in a speedy trial.  Therefore, the **CONTINUES** the jury trial to **Monday, May 14, 2007 at 9:00 a.m.**  The time from the date for which the original jury trial was scheduled, March 19, 2007, until the date to which the trial

is rescheduled, May 14, 2007, is excludable time for the purposes of speedy trial.

**IT IS SO ORDERED**.

Signed this 13th day of March, 2007.

/s/        David   RHerndon
**United States District Judge**
